## LUTHER M. STEVENS v. ALLEN JOHNSON.

**Party to Action to Enforce Lien.**
Where it is sought to enforce a lien against land which has been sold and conveyed by the purchaser, the holder of the title must be made a party defendant.

**Enforcement of Purchase-Money Lien.**
When a purchase money lien is retained in the conveyance of real estate, and the purchaser has conveyed a part of such real estate, and it is sought to enforce such lien, it must first be enforced against the land still owned by such purchaser; and the land conveyed by him should only be sold to pay any balance not made by the sale of the land still owned by the purchaser; and in such an action plaintiff is not entitled to a personal judgment for costs against the grantee of such purchaser.

### APPEAL FROM DAVIESS CIRCUIT COURT.

June 21, 1878.

OPINION BY JUDGE ELLIOTT:

This suit was brought to enforce payment of a note for $200 executed by W. E. Mitchell in part consideration of a tract of land to appellee. Mitchell, after his purchase, sold and conveyed a part of the land to the appellant, and this suit is against appellant and Mitchell to enforce a lien in appellee's favor against the land purchased by appellant from Mitchell.

Under the pleadings in this case appellee was not entitled to the relief sought, and the judgment is erroneous because in the first place he states in his petition that the same land had been sold on a judgment in his favor for the enforcement of a lien for a prior purchase money note, but that appellant was not a party to the suit and refused to surrender possession.

If the land has once been sold the purchaser should have been made a party to any suit to resell. The petition states that W. E. Mitchell owes the purchase money lien note, and that he has, since his purchase, sold a part of the land to appellant; and a judgment to enforce the vendor's lien against the land bought by appellant from Mitchell is asked and rendered in appellee's favor without any allegation that the land still owned by Mitchell of the tract sold to him by appellee is insufficient to pay off the lien note sued on.

It seems to us that, as Mitchell has only sold a part of the land for which he owes the note sued on, the lien should first be enforced against the land still owned by him, and that appellant's

land should only be sold to pay the balance not made by the sale of the land still owned by Mitchell. But the court erroneously rendered a personal judgment for cost against the appellant. He owed the appellee nothing. He was only a sub-purchaser of land on which appellee claimed a lien for purchase money, and he did not dispute appellee's right to enforce his lien both for his debt and cost, for as to him the allegations of the petition were taken for confessed.

The court also erred in directing the bonds taken for the purchase money to be made payable to appellee, even if they amounted to more than his debt. The court decided that the lot of land sought to be sold was indivisible, and adjudged a sale of the whole of it, and that any balance after the payment of appellee's debt should be paid to appellant, and yet it directed that the bonds for this balance should be made payable to the appellee.

For these errors the judgment is *reversed,* with leave to either party to amend his pleadings and bring the proper parties before the court and for further proceedings consistent with this opinion.

*Little & Slack, for appellant. Owen & Ellis, for appellee.*